# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

IOANNIS HANDER GARIT FERNANDEZ,

    Plaintiff

v.

TODD BLANCHE, *et al.*,[1]

    Defendant

Case No.: 2:26-cv-00417-APG-BNW

**Order Requiring Supplemental Briefing**

Ioannis Hander Garit Fernandez is a noncitizen currently detained by Immigration and Customs Enforcement (ICE). ECF No. 12-1 at 5.  He entered the United States in December 2024 as a "CBP One applicant" and was paroled into the country. *Id.* at 7.   In November 2025, he was arrested for domestic battery and detained by ICE. *Id.*  An immigration judge ordered him removed to Ecuador and his appeal of that order is pending. *Id.* at 12; ECF Nos. 10 at 4; 12 at 7.

In an immigration context, there are different kinds of parole and different reasons that an alien may be placed on parole.  If the alien is detained under 8 U.S.C. § 1225(b)(1) or § 1225(b)(2), the alien may be released on parole "for urgent humanitarian reasons or significant public benefit" under § 1182(d)(5)(A). *Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Parole under § 1182(d)(5)(A) may also be extended to those who applied for asylum in advance under 8 C.F.R. § 212.5(f). *See Chanaguano Caiza v. Scott*, No. 1:25-CV-00500-JAW, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025).  Additionally, some immigration programs offered by the Department of Homeland Security have authorized parole under § 1182(d)(5)(A) for aliens from certain countries, such as the CHNV Parole Programs. *See Coal. for Humane Immigrant Rts. v.*

---

[1] Acting Attorney General Todd Blanche is substituted in for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted in for Kristi Noem. Fed. R. Civ. P. 25(d).

*Noem*, 805 F. Supp. 3d 48, 65 (D.D.C. 2025); Implementation of a Parole Process for Cubans, 88 Fed. Reg. 1266, 1272 (Jan. 9, 2023) ("[S]ection 212(d)(5)(A) [(codified at 8 U.S.C. § 1185(d)(5)(A)] of the INA confers upon the Secretary of Homeland Security the discretionary authority to parole noncitizens . . . .").[2]  Alternatively, if the alien is paroled under § 1226(a), it may be a "conditional parole." *Jennings*, 583 U.S. at 288 (simplified).

The parties have not identified the statutory or regulatory basis for Fernandez's parole.  I therefore order supplemental briefing to identify whether he was paroled under § 1182(d)(5)(A), § 1226(a), or some other authority.  That will help guide resolution of the remaining issues.  If Fernandez was paroled under § 1182(d)(5)(A), the parties must identify the basis for offering that kind of parole.  The parties should provide orders or other written documents, if any, showing how he was paroled.

I THEREFORE ORDER the parties to submit supplemental briefs, limited to five pages, on the statutory or regulatory basis for Fernandez's parole per the following schedule: (1) simultaneous opening briefs are due May 7, 2026 and (2) simultaneous response briefs are due May 12, 2026.

DATED this 1st day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This is not an exhaustive list of pathways to § 1182(d)(5)(A) parole.