# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

IOANNIS HANDER GARIT FERNANDEZ,

Petitioner

v.

TODD BLANCHE, et al.,[1]

Respondents

Case No.: 2:26-cv-00417-APG-BNW

**Order Granting in Part Petition for Writ of Habeas Corpus**

[ECF No. 10]

Ioannis Hander Garit Fernandez is a noncitizen currently detained by Immigration and Customs Enforcement (ICE). ECF No. 12-1 at 5.  He entered the United States in December 2024 as a "CBP One applicant" from Cuba and was paroled into the country. *Id.* at 7.  In November 2025, he was arrested for domestic battery and detained by ICE. *Id.*  An immigration judge ordered him removed to Ecuador and his appeal of that order is pending. *Id.* at 12; ECF Nos. 10 at 4; 12 at 7.

Garit Fernandez filed this habeas corpus petition seeking relief from custody or, in the alternative, a bond hearing at which the government must prove through clear and convincing evidence that he is a danger to the community or a flight risk.  The government responded that Garit Fernandez is ineligible for a bond hearing because he is under mandatory detention under 8 U.S.C. § 1225(b)(2).  I ordered supplemental briefs to determine the statutory or regulatory basis for Garit Fernandez's parole. ECF No. 15.

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

I.    HABEAS CORPUS PETITION

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art I. § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" to remedy unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 124 (2022) (quotation omitted).

**A. 8 U.S.C. § 1226(a) governs Garit Fernandez's detention, and he is entitled to a bond hearing.**

The parties dispute whether § 1225(b)(2) or § 1226(a) governs Garit Fernandez's detention. The government cites *Matter of Q. Li,* 29 I. & N. Dec. 66 (BIA 2025), to justify Garit Fernandez's on-going detention under § 1225(b)(2)(A). In *Matter of Q. Li*, the BIA concluded that a noncitizen who was initially detained under § 1225(b)(2)(A) but paroled into the country under 8 U.S.C. § 1182(d)(5)(A) was returned to detention under § 1225(b)(2)(A) when her parole was terminated. 29 I. & N. Dec. at 69-70. Humanitarian parole under 8 U.S.C.

§ 1182(d)(5)(A) allows the government to "parole into the United States temporarily . . . for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States."  But humanitarian parole "shall not be regarded as an admission of the alien." 8 U.S.C. § 1182(d)(5)(A).  When such parole is terminated, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*  A noncitizen may be eligible for humanitarian parole if he is detained under § 1225 or if he applied for asylum in advance under 8 C.F.R. § 212.5(f).[2] *Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018); *Chanaguano Caiza v. Scott*, No. 1:25-CV-00500-JAW, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025) ("[P]arole under § 1182 does not by itself demonstrate that [the petitioner] was initially detained under § 1225(b)(2).").

The parties agree that, like the petitioner in *Matter of Q. Li*, Garit Fernandez received humanitarian parole. ECF Nos. 16 at 2-3; 21 at 1.  ICE terminated Garit Fernandez's parole when they re-detained him, so he was returned to the custody from which he was paroled. Therefore, I must determine his custody status at the time of his parole.[3]

Garit Fernandez appeared at the border as a CBP One applicant and was paroled into the country.  He and the government agree that this means that he reserved his parole ahead of time under 8 C.F.R. § 212.5(f), which provides that "[w]hen parole is authorized for an alien who will travel to the United States without a visa, the alien shall be issued an appropriate document authorizing travel."  It does not seem, and the government does not assert, that Garit Fernandez

---

[2] This is not an exhaustive list of pathways to § 1182(d)(5)(A) parole.

[3] Parole under § 1182(d)(5)(A) employs a legal fiction whereby non-citizens "who arrive at ports of entry – even those paroled elsewhere in the country for years pending removal – are treated for due process purposes as if stopped at the border." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quotations omitted).

3

was ever in custody under § 1225(b)(2)(A) (or § 1225(b)(1)) while he was at the border.  That contrasts with the petitioner in *Matter of Q. Li*, who was detained under § 1225(b)(2)(A) prior to her parole. 29 I. & N. Dec. at 70.  Therefore, unlike in *Matter of Q. Li*, there is no custody to which Garit Fernandez must return. *See Lubamba v. Stamper*, No. 2:26-cv-00102-JAW, 2026 WL 632670, at *5 (D. Me. Mar. 6, 2026) (holding that a petitioner who received humanitarian parole through a CBP One application was not initially detained under § 1225(b)(2)).

Only § 1226(a) authorizes Garit Fernandez's detention today.  Though § 1182(d)(5)(A) refers to custody, there is "nothing in [its] text that affirmatively authorizes detention." *Clark v. Martinez*, 543 U.S. 371, 385 (2005).  So it is "not an independent authority to detain parolees following the expiration of parole," and the government must find that authority elsewhere. *Hernandez Villasmil v. Blanche*, No. 9:26-cv-713 (MAD), 2026 WL 1235068, at *5 (N.D.N.Y. May 5, 2026) (quotation omitted).  As I have previously ruled, the best reading of § 1225(b)(2)(A) is that it applies only in the border context to noncitizens presently "seeking admission." *Rodriguez v. Mullin*, No. 26-cv-00531-APG-NJK, 2026 WL 895685, at *3-4 (D. Nev. Apr. 1, 2026).  Accordingly, § 1226(a) governs Garit Fernandez's detention because he was detained within the country almost a year after he entered.

A noncitizen detained under § 1226(a) is entitled to an individualized bond hearing where he must prove to the immigration judge (IJ) "by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'" in order to be released. *Rodriguez Diaz. v. Garland*, 53 F.4th 1189, 1197 (2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  Because Garit Fernandez did not receive an individualized assessment about whether to issue him a bond, the proper remedy is a bond hearing under § 1226(a).  Garit Fernandez asks me to order his

immediate release.  However, because the government's violation is its failure to provide a bond hearing under § 1226(a), ordering a bond hearing sufficiently cures this violation.[4]

### B.  Garit Fernandez is not entitled to a bond hearing at which the government bears the burden of clear and convincing evidence.

Garit Fernandez argues that due process demands that at his bond hearing the government must prove by clear and convincing evidence that he must be detained.  The government did not respond to this argument, continuing its repeated failure in these habeas cases to respond to many of the substantive arguments raised by noncitizens detained under its rejected interpretation of § 1225.

Nonetheless, the Ninth Circuit has relevant precedent on this issue, and ignoring it would likely constitute clear error on appeal.  In *Rodriguez Diaz*, the Ninth Circuit rejected a claim that it is "constitutionally inadequate" for a noncitizen to bear the burden of proof at his initial immigration bond hearing. 53 F.4th at 1210.  It instead held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied" to the petitioner in that case. *Id.* at 1213.  But the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures." *Id.*  For example, it left open the question whether placing the burden on the noncitizen could create an unacceptably high risk of erroneous deprivation of the noncitizen's interest because the noncitizen experiences language and cultural barriers, difficulty obtaining evidence, and financial inability to hire an attorney. *Id.* at 1211.

---

[4] Because I agree with Garit Fernandez's statutory argument, I do not address his argument about due process.

Garit Fernandez does not assert that he would face similar issues in a bond hearing. Thus, § 1226(a)'s procedures satisfy due process, and he bears the burden by a preponderance of the evidence at his bond hearing.

**C. Garit Fernandez may not be deported to Ecuador without notice and a meaningful opportunity to present a fear-based claim.**

Garit Fernandez is a citizen of Cuba, and the Immigration Judge ordered him removed to Ecuador. He argues that ICE's policy to remove noncitizens to a third country under an Asylum Cooperative Agreement without notice and an opportunity to present a fear-based claim violates due process and the Administrative Procedure Act. The government also does not respond to this argument.

If the government attempts to remove Garit Fernandez to a third country such as Ecuador, it must comply with the due process requirements of notice and a reasonable opportunity to be heard before a third country removal can be effectuated. *Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763 at *4 (D. Nev. Apr. 22, 2026) (collecting cases). The government must provide "written notice of the country being designated" and "the statutory basis for the designation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019). Additionally, the government must ask Garit Fernandez whether he fears persecution or harm upon removal to the third country, and his response must be memorialized in a writing signed by Garit Fernandez. *Id.* "If the noncitizen expresses a fear of persecution or harm, DHS must inform the noncitizen that he or she may seek asylum, withholding, and relief under the CAT by filing a motion to reopen with the immigration courts." *Id.* Finally, the government must give Garit Fernandez "adequate time to prepare and file a motion to reopen in order to challenge DHS's country designation and/or apply for asylum, withholding, and relief under the CAT." *Id.*

6

at 1020; *see also A.A.M. v. Andrews*, 815 F. Supp. 3d. 1124,1138  (E.D. Cal. Dec. 4, 2025) (concluding the petitioner was likely to succeed on the merits because "due process requires Petitioner be provided an opportunity to have his fear-based claims for removal to [a third country] considered by an immigration judge").

## II.    CONCLUSION

I THEREFORE ORDER that petitioner Ioannis Hander Garit Fernandez's petition for habeas corpus **(ECF No. 10) is GRANTED in part.**

I FURTHER ORDER that the respondents must provide Garit Fernandez with an individualized bond hearing by June 5, 2026.  Garit Fernandez bears the burden of proof by a preponderance of the evidence at this bond hearing.

I FURTHER ORDER that the respondents are prohibited from removing Garit Fernandez to any third country, including Ecuador, without providing him and his counsel adequate notice of intent to seek removal to a third country and due process in the form of providing him a reasonable opportunity to reopen immigration court proceedings to seek fear-based relief from removal, with a hearing before an immigration judge.

I FURTHER ORDER that the respondents are PERMANENTLY ENJOINED from denying Garit Fernandez the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

I FURTHER ORDER that if an individualized bond hearing is not provided by June 5, 2026, Garit Fernandez must be released from ICE custody until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

/ / / /

/ / / /

7

I FURTHER ORDER the clerk of court to close this case.

DATED this 28th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE